FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
01 Dec. 2023 5:58 PM
Lucy H.Carrillo, Clerk of Court

CC: DKW/KJM/Filer (by email)

Fred Gutierrez
5840 W. Craig Rd.
Las Vegas, NV 89130
Email: SoaringEagleApache@proton.me
Telephone: 775-416-9242

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| FRED GUTIERREZ, | Case No.: CIVIL 23-00505-DKW-KJM |
| *Plaintiff,* | PLAINTIFF'S ORIGINAL COMPLAINT FOR DEPRIVATION OF RIGHTS |
| vs. | |
| SHAWN FUJIMOTO, MAILA NGUYEN, ALLEN ISHIDA, and the CITY OF HONOLULU | |
| *Defendants,* | **DEMAND FOR TRIAL BY JURY** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff Fred Gutierrez, *pro se* in the above-titled cause, hereby files this, his Original Complaint for deprivation of certain of his guaranteed and protected civil rights relating to the 4th Amendment.

## I. JURISDICTION AND VENUE

1. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

2.     Venue is proper because all events giving rise to Plaintiff's causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II.  **PARTIES**

3.     Plaintiff FRED GUTIERREZ, hereinafter "GUTIERREZ", at all times relevant herein, was present in the State of Hawaii at the time of the incident involving defendants, made multiple appearances in relation to charges brought, however was at all times domiciled out of state.

4.     Plaintiff is informed and believes that Defendant, Shawn H. Fujimoto, hereinafter "FUJIMOTO", was a sworn Peace Officer for the City of Honolulu in the State of Hawaii, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Honolulu, state of Hawaii. FUJIMOTO is being sued in his individual and official capacities.

5.     Plaintiff is informed and believes that Defendant, Maila Nguyen (maiden name), hereinafter "NGUYEN", was a sworn Peace Officer for the City of Honolulu in the State of Hawaii, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Honolulu, state of Hawaii.  NGUYEN is being sued in her individual and official capacities.

6.     Plaintiff is informed and believes that Defendant, Allen Ishida, hereinafter "ISHIDA", was a sworn Peace Officer for the City of Honolulu in the State of Hawaii, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Honolulu, state of Hawaii.  ISHIDA is being sued in his individual and official capacities.

7.     Plaintiff is informed and believe that Defendant, City of Honolulu, through this complaint and hereafter "CITY", is an incorporated municipality within Honolulu County in the State of Hawaii, and can be sued as such person specific to this lawsuit.

### III.   GENERAL FACTUAL ALLEGATIONS

8.     On or about May 29, 2011, GUTIERREZ, his wife, Nina Gutierrez, Mish Shishido, Dustin Pilialoha and Jenna Scanlan, were riding with Craig Shishido in his truck as he drove to his home. Craig Shishido and his passengers were at an intersection a few blocks from his house. FUJIMOTO who was driving his marked police car, passed in front of Craig and stared him down with a "stinkeye". Craig waved at FUJIMOTO as if to say "You have something to talk to me about?". As Craig drove away from the intersection, FUJIMOTO did not activate his lights or indicate in any way that Craig needed to pull over.

9.     Craig Shishido parked in front of Craig and Mish's residence. As the group exited the truck, FUJIMOTO pulled over and stopped alongside and near the front of Craig's parked truck absent emergency lights or siren. FUJIMOTO exited his cruiser and stated to Craig that he did not have on his seatbelt. Craig stated that he was indeed wearing his seatbelt at all times, as was GUTIERREZ, until they parked in front of the house and exited Craig's truck. FUJIMOTO claimed that as the driver, Craig was on a traffic stop and so were the passengers. FUJIMOTO then called for more officers to appear on scene. Within approximately 5 minutes, approximately 6-7 police cruisers, transporting approximately 8 police officers, appeared and parked in such a way as to obstruct all traffic in both directions.

10.   The officers, after exiting the cruisers, including ISHIDA and NGUYEN, arrived in emotionally agitated state. Certain of these officers began sporadically ordering GUTIERREZ, Craig, Mish, Nina, Dustin and Jenna to obey their demands of silence, lining up on the sidewalk, ceasing to film, as well other demands. These same officers also blocked GUTIERREZ from walking to the sidewalk and continued engaging him, yelling at him to shut up and get off the roadway. FUJIMOTO AND NGUYEN also started shouting that if they were not obeyed, that they would arrest everyone for "pedestrian in the roadway".

11.   Within moments, ISHIDA and two other officers obstructed Jenna from accessing the sidewalk on the opposite side of the street from Craig's home, then grabbed her and began slamming her head into the trunk of a car. GUTIERREZ, who was standing at the back of the car began telling the officers that they were violating Jenna's 4th Amendment rights. Jenna was arrested and handcuffed and taken to a nearby patrol car.

12.   ISHIDA and NGUYEN told GUTIERREZ that he was now under arrest and handcuffed him. As GUTIERREZ was being escorted to the police cruiser, Nina asked GUTIERREZ why he was being arrested. He reported that NGUYEN told him he was arrested for "harassment" and ISHIDA had informed GUTIERREZ that if he "hadn't been talking none of this would have happened".

13.   Craig and Mish were arrested within moments by other officers. Nina then walked over to Craig and Mish's house and went inside. Officers attempted to arrest Nina by soliciting the landlord to give them access to Craig and Mish's residence, but the landlord denied them entry.

14.   GUTIERREZ was arrested and jailed without warrant or any sworn statement of probable cause relating to this arrest and was later charged via Complaint for the following: Harassment under HRS § 711-1106(1)(b) (Report No. 11193427, Case# 1P1110005716), Obedience to Police Officer under HRS § 291C-23 (Report No. 11193465, Case#1DTA-11-02496) and Failure to Disperse under HRS §711-1102(2) which was amended to HRS §711-1101(1)(a) Disorderly Conduct Fight threat (Report No. 111934522, Case #1P1110005717) on or about June 4, 2011.

15.   Along with GUTIERREZ, Craig, Mish, Dustin and Jenna were arrested and later charged similarly by unsupported complaint.  Craig, Mish, Dustin and Jenna were found "not guilty" of all charges at trial on or about July 2, 2012. That trial was later declared a mistrial and plea deals were reached with these 4 for $80 in court costs.

16.   Additionally, GUTIERREZ later learned that FUJIMOTO issued a seat belt for passenger ticket for GUTIERREZ which was at no time served upon GUTIERREZ. Further, GUTIERREZ received no notice of any hearing resulting in a default in the docket and a stopper on GUTIERREZ'S driver license, active to this present date.

17.   Regarding the other issues, at no time was GUTIERREZ served any summons or warrant as directed per HRPP 9a(1-2) in order to obtain the defendant's appearance in any court proceeding related to the arrest. This was noted in each of the numerous court appearances by GUTIERREZ to each presiding judge.

18.   The Deputy City Prosecutor as complainant filed the original complaint on or about June 2, 2011 and amended the same, which was filed on or about June 28, 2011. GUTIERREZ in a special appearance before the court, on or about June 28, 2011 in the District Court of the First Circuit, Honolulu Division, State of Hawaii was served the complaint unsupported by any affidavit, and then the amended complaint, again, unsupported by any affidavit.  GUTIERREZ stated that he could only and did appear only by special appearance as there had been no service of any summons or warrant upon him as required by law. Therefore, the court was informed that jurisdiction had not been initiated and they had no authority to arraign him.

19.   GUTIERREZ, even though domiciled on the mainland and not a resident of the state of Hawaii, had traveled over to the state of Hawaii on four (4) occasions and made five (5) special appearances in the matters related to the May 29, 2011 incident. These included on or about June 28, 2011, July 11 and 12, 2011, September 6, 2011, and November 3, 2011.

20.   At all of these hearings or proceedings the prosecution failed to demonstrate on the record that the prosecution had been initiated per Hawaii Revised Statutes and the Hawaii Rules of Penal Procedure, despite GUTIERREZ requesting so at each appearance.  It remained an uncontested fact by the prosecution that the prosecution has not been initiated per statute and the rules of procedure. Therefore, the court's jurisdiction at no time has been initiated which would have thus allowed

the court any authority to hold any arraignment and, thus, make offer of a plea to GUTIERREZ.

21.  GUTIERREZ, at the 11/3/2011 proceeding at the District Court, appearing for the 6th time and a fifth (5th) Arraignment and Plea hearing was told by the court that the trial would be scheduled for, on or about, 1/26/2012.

22.  Because of financial constraints which precluded GUTIERREZ' travel over to the island of O'ahu, Defendant by motion asked the court to continue the matter until, on or about, 2/23/2012. Because his circumstances had not improved he then requested that he needed a continuance to March 26, 2012, both of which continuances were granted.

23.  GUTIERREZ had a family medical emergency and was in South Carolina, and filed a third (3rd) continuance and asked the court to grant continuance of the matter until, on or about, May 3, 2012.  The court denied this request for continuance, but scheduled a hearing for May 3, 2012 for which GUTIERREZ did not receive notification.

24.  On or about March 26, 2012, GUTIERREZ did file on the court and serve on the Deputy Prosecuting attorney a "Mandatory Judicial Notice of Law" pursuant to Hawaii Rules of Evidence 202 demonstrating that the process used to initiate the prosecution and thereby the jurisdiction of the court was insufficient to do so pursuant to specific Hawaii Revised Statutes and Hawaii Rules of Penal Procedure.

To date, neither the court nor any representative from the City of Honolulu Prosecuting Attorney's office responded to this "Mandatory Judicial Notice of Law".

25.   GUTIERREZ learned, after the fact, that during this May 3, 2012 proceeding, the court granted the issuance of a Bench Warrant to obtain his appearance. The court also forfeited GUTIERREZ'S $4,000.00 bail. For emphasis, it should be reiterated that GUTIERREZ, relating to the 5/29/11 arrest, was at no time served a summons per HRPP 9(a)(1) which is a mandatory requirement before the court has lawful authority to make issuance of a warrant pursuant to HRPP 9(a)(5) and in compliance HRS §805-5. Further, GUTIERREZ was not served any notification that the court scheduled a proceeding for May 3, 2012 nor any of the subsequent proceedings despite having his valid contact information.

26.    GUTIERREZ had filed and served a Motion to Quash the Bench Warrant of May 3, 2012, on or about August 31, 2012, which the court record reflects that the Bench Warrant, BW #Q111257466, was taken under advisement by the court on September 5, 2012. At a later date, the court granted the forfeiting of GUTIERREZ bond absent any notice of hearing to GUTIERREZ.

27.   GUTIERREZ made several requests to the court that he could make a telephonic appearance at the later scheduled hearings, but the clerk told him that the various judges overseeing the continued hearing dates would not allow it. They wanted GUTIERREZ to

appear in person. Therefore, GUTIERREZ'S multiple Motions to Dismiss were not heard, but simply denied without prejudice until GUTIERREZ would appear.

28.   Case numbers 1P1110005716 and 1P1110005717 were dismissed in 2019, and regarding Case number 1DTA-11-02496, on July 6, 2021 the bench warrant was recalled, subsequently the case was dismissed on December 1, 2021. Specific to this complaint, Case number 1DTA-11-02496 is the only prosecution at issue in this case.

## IV.  CAUSES OF ACTION

### CAUSE I

### 42 U.S.C. § 1983; 4th Amendment

### Right to Be Free From Malicious Prosecution)

29.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above and incorporates the same as if set forth in full.

30.  Defendant HPD, through its supervisors, officers, employees and training, promulgated and preserved the custom practice or policy of making arrests and/or citations completely absent probable cause with the singular core goal of intimidating and harassing citizens who are exercising free speech especially those whom object to adverse unconstitutional actions by officers.

31.   Specifically, as outlined above, HPD officers, including FUJIMOTO, NGUYEN, ISHIDA, as well as numerous others, all utilized the same unconstitutional and illegal practice of using a pretextual stop to cite and/or arrest without probable cause or reasonable suspicion of a crime. The criminal processes were initiated against GUTIERREZ

maliciously without probable cause in Honolulu First Circuit Court and ultimately, all the criminal cases terminated without conviction.

32.   As a further direct result of the conduct of Defendant and its officers as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, anxiety, frustration, humiliation, and reduced enjoyment of life.

33.    WHEREFORE Plaintiff prays for, General and Compensatory and Punitive damages against the Defendants.

## CAUSE 2

## (42 U.S.C. Sec. 1983 - Monell claim against Defendant City of Honolulu -

## Failure to properly train and supervise –

34.   GUTIERREZ repeats and re-alleges the allegations contained in paragraphs 1 through 33 above and incorporate the same as if set forth in full.

35.   Defendant CITY, through its supervisors, officers, employees and training demonstrated that they have a practice of utilizing unconstitutional and illegal practices such as using pretextual stops to cite and/or arrest without probable cause or reasonable suspicion of a crime those verbal critics to their officer's unconstitutional actions. Additionally, such cases are brought without probable cause or genuine expectation of a conviction, with officers failing to swear to their complaints or attach the required affidavits in compliance with Hawaii law.

36.   Defendant CITY knew or should have known that their training and supervision of their officers and prosecutors must include clear knowledge of the constitutional nuances

of the laws they enforce and the subsequent procedures for pursuing prosecution. Further, they should properly train and supervise these employees instead of ratifying their employees illegal and unconstitutional conduct regarding any verbal criticism of them while in the performance of their official duties.

37.    Finally, as the officer's conduct conformed to the City's unconstitutional policies and/or practices, they had nothing to fear in the form of either prosecutions or reprimands from their department.

## V.  <u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that this honorable court find as follows:

a.  That all defendants violated GUTIERREZ's 4th amendment right to be free from malicious prosecution,

b.  That the City of Honolulu allowed these employees to act unfettered in violation of the Constitution as described with impunity and deliberate indifference.

Plaintiffs pray for relief against Defendants, jointly and severally, as follows:

a.  Enter judgment against each and every defendant individually named and find them jointly and severally liable;

b.  Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants;

c. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $300,000.00;

d. Order that the CITY provide proper constitutional training to its employees regarding the manner in which just prosecutions are to be affected and prosecuted;

e. Award compensatory damages against the CITY in an amount to be determined at trial;

f. Award general damages against the individual defendants for an amount to be determined at trial;

g. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

**DEMAND FOR TRIAL BY JURY REQUESTED HEREIN**

**I, FRED GUTIERREZ, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 30th day of November, 2023.

/s/ *Fred Gutierrez*

Fred Gutierrez, *Pro Se*
5840 W Craig Rd.
Las Vegas, NV 89130
Email: SoaringEagleApache@proton.me